UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-541-F

| | | |
|---|---|---|
| CUONG DOAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| INTERNAL REVENUE SERVICE; | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
|     Defendants. | ) | |

This matter is before the court on the defendants' (hereinafter "the Government") Motion to Dismiss [DE-13]pursuant to Rule 12(b)(1), Fed. R. Civ. P., alleging lack of subject matter jurisdiction. The plaintiff, Cuong Doan (hereinafter "Doan") has filed a Response [DE-18] to that motion and a Rebuttal [DE-21]. The parties have attached certain documentation to their memoranda, which this court has reviewed without converting the pending motion to one for summary judgment. *See Kearns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Within his responsive materials, Doan seeks an order striking the Declaration [DE-15] of Internal Revenue Service (hereinafter, "IRS") attorney, Olivia Hyatt.

Doan initiated this action by Complaint [DE-1] filed on December 15, 2009, alleging that for tax years 2003 and 2004, his then-employer's "questionable accounting principles" resulted in his being charged tax deficiencies of $4,250.00 in 2003, and $3,624.00 in 2004. *See* Complaint [DE-1], at p. 1. As the court understands the verified Complaint, Doan paid the full amounts of the deficiencies assessed for both years. His employer at some point was determined to have engaged in improper practices that resulted in tax irregularities concerning employees' "tip pooling." *See id.*, at p. 2. In short, Doan contends he paid more tax for 2003 and 2004 than he should have paid because his employer engaged in unlawful compensation

practices for which it ultimately was punished. *See id.* He seeks a refund, not only of alleged overpayments for those years, but of *all* payments he made to the IRS for 2003 and 2004.

Doan further contends that the tax deficiency notices he received should be set aside as violative of the Sixth and Fourteenth Amendments to the United States Constitution. He notes that fellow employees who were similarly situated received dismissals of their tax deficiency notices. Finally, Doan alleges that he has met all legal requirements for receiving a refund of all monies paid to the IRS for 2003 and 2004. Attached to Doan's Complaint are exhibits, including a 2004 W-2 form and payroll summaries for December 2002 through December 2003, and December 2003 through December 2004.

Doan's Complaint and exhibits did not comply with the eGovernment Act of 2002, and the Clerk of Court ordered on December 21, 2009, that Doan submit a properly redacted copy of those materials. *See* [DE-3]. The materials were sealed pending Doan's compliance with the Clerk's order. Doan did not comply, however. Accordingly, by order of January 27, 2010 [DE-6], the Clerk unsealed the Complaint and attachments thereto, pursuant to Rule 5.2(h), FED. R. CIV. P.

On May 5, 2010, the Clerk of Court directed notice [DE-7] to Doan that he had failed to make service of process within the 120 days provided by Rule 4(m), FED. R. CIV. P., and directed him to do so within 14 days of that order, cautioning that failure to comply would result in dismissal of the case against the defendants. On May 17, 2010, Doan caused to be issued two summonses together with a Certificate of Service. *See* [DE-8, -9, -10 & -11]; *see also* [DE-12 & -20] (U.S. Postal Service return receipts dated August 10 and 12, 2010). In light of the disposition of the Government's dispositive motion, the court need not determine whether Doan ultimately effected proper service.

The Government filed its Motion to Dismiss on July 16, 2010, supported by a memorandum of law [DE-14] and the declarations of two Government employees familiar with

2

Doan's claims. The Government contends that Doan's Complaint must be dismissed because this court lacks subject matter jurisdiction on two grounds. Specifically, the Government contends Doan failed to exhaust his administrative remedies pursuant to 26 U.S.C. § 7422(a), and failed to initiate suit in this court before expiration of the applicable statute of limitations for seeking a refund under 26 U.S.C. § 6511. The Government relies on *United States v. Dalm*, 494 U.S. 596, 601-02 (1990).

The United States is a sovereign and immune from suit unless it consents to be sued. *See id.* at 608. Courts have subject matter jurisdiction over a claim against the United States if, and only if, the United States has waived sovereign immunity *and* the plaintiff brings "a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). To fit within the scope of the waiver, the plaintiff must comply exactly with the statute that subjects the United States to suit. *See Rock Island A. & L.R. Co. v. United States*, 254 U.S. 141, 143 (1920) ("Men must turn square corners when they deal with the Government"); *Blatt v. United States*, 34 F.3d 252, 254, 257 (4th Cir. 1994) (describing effect of failure strictly to comply with § 6511 as a "harsh result").

The United States has waived immunity from suits for "the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . of any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). This waiver of sovereign immunity allows a plaintiff to sue for a "refund" of federal taxes the plaintiff allegedly overpaid, *provided* the plaintiff has first satisfied all jurisdictional requirements, including the exhaustion requirements of 26 U.S.C. § 7422. *See* 26 U.S.C. § 6511; *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4, 7 (2008). If a plaintiff has not satisfied all such requirements, a court must dismiss the complaint for lack of subject matter jurisdiction. *See Dalm,* 494 U.S. at 608-10.

3

Prior to bringing a tax refund suit in district court, taxpayers must first pay the amount of the assessed tax and file a timely claim for refund with the Service. *See* 26 U.S.C. § 7422(a); *Clintwood Elkhorn*, 553 U.S. at 4, 7. If no refund claim is filed with the IRS, a tax refund suit "'may not be maintained in any court.'" *Id.* at *2 (quoting *Dalm*, 493 U.S. at 602).

While the Government concedes that Doan has paid the taxes at issue, it contends that he has did not file the required refund claim with the IRS. In support of that contention, the Government has offered the sworn declaration of IRS attorney, Olivia J. Hyatt, who states that "I have reviewed the [IRS's] administrative files regarding Cuong Doan, and I have determined that they do not contain any refund claim related to tax years 2003 or 2004." *Id.* at ¶ 4. While Doan's Motion to Strike Hyatt's declaration is DENIED[1], Doan does not dispute that he did not file with the IRS the required Form 843 ("Claim for Refund and Request for Abatement") instituting an administrative claim for a refund. *See* Reply [DE-19] & Exhibits 1 & 2.[2]

Rather, Doan argues that his telephone calls and letters to IRS Service Centers substitute for the prerequisite administrative claims proceedings, and he lists the badge numbers of IRS field representatives with whom he allegedly corresponded. He has offered a copy of a March 12, 2007, letter from "Mr. Ritter" of the Taxpayer Advocate Service[3] acknowledging receipt of Mr. and Mrs. Doan's correspondence with the IRS, and "apologizing" for the unfavorable result thereof, referencing a March 7, 2007, IRS letter disallowing the Doans' request for relief. *See*

---

[1] He contends Hyatt's affidavit should be stricken from the record because she required him to answer questions that violated his due process and equal protection rights. *See* Response [DE-18], at p. 2.

[2] Doan contends in his "Rebuttal" memorandum [DE-21] that IRS agents "erroneously advised" him to complete a Form 843. He explains that the Tax Court, not the federal district court, has exclusive jurisdiction over 843 claims, and that the proper form is Form 870 which "STOPS the running of interest in the tax deficiency." *Id.*

[3] The letterhead states in boldface type, "The Office of the Taxpayer Advocate operates independently of any other IRS Office and reports directly to Congress through the National Taxpayer Advocate." [DE-18], Exhibit 1.

4

Response [DE-18], Exh. 1. Doan also has attached a copy of an October 6, 2006, letter he purportedly wrote to the IRS in Fresno, CA, referencing an enclosed check for $3,231.11, in response to "your recent notices, Forms 4549 and 2504" adjusting his 2003 taxable income for unreported tips. *See id.*, Exh. 2. That letter continues, in pertinent part:

> I respectfully request an abatement of the penalties assessed as a result of the income adjustments. This . . . adjustment was result of an audit of my employer rather than of my tax return. Upon the acceptance of the check as final payment, I request that this case be considered closed and this tax due be removed from my records.

*Id.*

While Doan's arguments are not models of clarity, the court perceives the gravamen of his claim to be that, because of delay and misrepresentations on the part of the Government's agents, he is due a full refund of all amounts he paid to the IRS for the years 2003 and 2004. He contends that his many telephone conversations with "different IRS representatives qualify as an administrative hearing." Rebuttal [DE- 21], p. 1 (emphasis in original).

Unfortunately for Doan, the law is not favorable to him. *Dalm* and its progney control. This court simply lacks subject matter jurisdiction to entertain his request for relief. Although redress might have been available to him at one time, the allegations contained in his Complaint and his arguments advanced in opposition to the Government's Motion to Dismiss reveal on their face that he did not comply with the mandatory statutory requirements.

Accordingly, for the reasons set forth in the Government's Memorandum [DE-14] and Reply [DE-19], the Government's Motion to Dismiss [DE-13] is ALLOWED for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), FED. R. CIV. P. Doan failed to exhaust his administrative remedies under 26 U.S.C. § 7422 (a). It also appears that Doan's claims are barred by the applicable statutes of limitations, 26 U.S.C. § 6511. This action, therefore, is DISMISSED. Any other pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 26th day of January, 2011.

JAMES C. FOX
Senior United States District Judge